36 F.3d 1095
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry Scarborough TODD, Defendant-Appellant.
 No. 93-5121.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 9, 1994.
Decided: September 21, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. C. Weston Houck, District Judge. (CR-92-301-4)
 Joseph Michael McGuinness, McGuinness & Parlagreco, Salem, Massachusetts, for Appellant.
 Dean Arthur Eichelberger, Assistant United States Attorney, Columbia, South Carolina, for Appellee.
 J. Preston Strom, Jr., United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.
 D.S.C.
 Before RUSSELL, Circuit Judge, PHILLIPS, Senior Circuit Judge, and JACKSON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Henry Todd, who was convicted of conspiracy to possess marijuana, appeals his sentence. He challenges the acceptance of his guilty plea, the determination of the drug quantity used to reach his base offense level, the sentence, the conduct of the government in allegedly breaching his agreement and the effectiveness of counsel. Because we find no merit in these challenges, we affirm the district court.
 
 
 2
 * On September 9, 1992, the second day of his trial, Henry Todd pled guilty to conspiracy to possess marijuana with intent to distribute it. On December 18, 1992, after a hearing, Judge Houck sentenced him. As a result of Todd's cooperation by testifying for the government, at the sentencing hearing the government made a motion for downward departure. Todd then surprised everyone present by saying that the government had promised not to indict his son Brett (he also had a son Scott involved in the case) if Todd pled guilty. However, Brett had been indicted before the sentencing hearing.
 
 
 3
 The prosecutor admitted that a conversation had occurred, asserting that he informed Todd's defense counsel the day before trial that if he pled, the government would consider not charging Brett. Defense counsel allegedly stated just before trial that Todd was not interested, thereby rejecting the offer. The Government maintains that Todd and his counsel met with the prosecutor midway through the first day of trial after Todd's counsel indicated Todd had changed his mind about pleading. They also assert that they told Todd he could plead guilty, but it was too late to get a "deal." They state that he replied that all he wanted was to be separated from his co-defendants in jail.
 
 
 4
 The judge criticized counsel and the defendant, especially defense counsel, for not putting this in the record at the time of the plea. He then went on to sentence Todd.
 
 II
 
 5
 On appeal, Todd contends that at sentencing the Court erred where it did not strike his guilty plea based on the government's breach of the plea agreement. We disagree. In rejecting this contention, we dispose of two of his assignments of error that the plea should not have been accepted and that the government breached the plea agreement.
 
 
 6
 In Santobello v. New York, 404 U.S. 257, 262 (1978), the Court ruled that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." A plea agreement that is ambiguous must be read against the government. United States v. Jefferies, 908 F.2d 1520 (11th Cir.1990). The Supreme Court stated in a case dealing with oral plea promises which were subsequently breached, "A guilty plea, if induced by promises ... which deprive it of the character of a voluntary act is void." Marchibroda v. United States, 368 U.S. 487, 493 (1962). However, all of these cases are inapposite here. The problem for Todd is that he has not established there was a provision in the plea agreement that his son would not be prosecuted. At best the record reflects that the parties discussed not prosecuting his son, but did not reach an agreement on this provision.
 
 
 7
 The record supports the conclusion that there was no plea agreement provision that Todd's son Brett would not be prosecuted if Todd pled guilty. During the providency inquiry on his plea of guilty, Todd told the judge that the promise to be separated from one of his codefendants was the only promise he relied on, and the judge told him he could rely on no others. The relevant part of the providency inquiry was as follows:
 
 
 8
 The Court: You cannot make that decision based on any promises made to you. Promises of any nature. Mr. Bethea has mentioned the one promise that the government has made to you. And obviously you can consider that because it's on the record and something they have agreed to do. And it's something the Court will require them to do. If by some mistake or whatever they don't do it. Do you understand?
 
 
 9
 The defendant: Yes, sir.
 
 
 10
 The Court: But any other promise you're relying on in pleading guilty, you should not rely on because you can't rely on. Do you understand that?
 
 
 11
 The defendant: Yes, sir.
 
 
 12
 The Court: Are you relying on any other promises?
 
 
 13
 The witness: No, sir.
 
 
 14
 The Court: Has anyone threatened you to get you to plead guilty?
 
 
 15
 The witness: No, sir.
 
 
 16
 The Court: Has anyone coerced you in any way to get you to plead guilty?.
 
 
 17
 The witness: No, sir.
 
 
 18
 The Court: You're sure. It's your decision based on your free will and accord?
 
 
 19
 The defendant: Yes, sir.
 
 
 20
 Second, when testifying about his cooperation with the government at trial, Todd did not make any claim that the government promised not to prosecute his son Brett. Finally, the presentence report contains no reference about the promise Todd alleges, and he filed no objections to it. Given these circumstances, the court finds no merit in Todd's claim that the government breached a plea agreement. A fortiori, the court did not err where it did not reject his guilty plea at sentencing.
 
 III
 
 21
 Todd next argues that the Court erred in determining his total offense level by holding him responsible for the 100 pounds of marijuana he negotiated to sell, as opposed to the 7.6 grams the government found he possessed. In the District Court, Todd did not object to the Court's calculation of his offense level based on the 100 pounds of marijuana he negotiated to sell. We find no error in the District Court's calculation of the base offense level and the sentence imposed.
 
 
 22
 Sentencing Guidelines Section 2D1.4, as amended November 1, 1993 (amendment 447) provides:
 
 
 23
 the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount. However, where the Court finds that the defendant did not intend to produce and was not reasonably capable of producing the negotiated amount, the court shall exclude from the guideline calculation the amount that it finds the defendant did not intend to produce and was not reasonably capable of producing.
 
 
 24
 This note is framed in the conjunctive, not the disjunctive. In considering the substantive use of Application Note 1 to section 2D1.4, in United States v. Brooks, 957 F.2d 1138, 1151 (4th Cir.1992), we held that the court is required to exclude an unsuccessfully negotiated amount of drugs only where the defendant lacked both the intent and the ability to complete the drug transaction. Here, it is undisputed that Todd negotiated to distribute 100 pounds of marijuana and showed the intent to do so. He also reasonably believed he would be able to consummate the deal. While Todd argues that he did not have the capability to produce the 100 pounds of marijuana, he conveniently ignores strong evidence of his intent to distribute the marijuana. Given these facts, the district court did not err in holding Todd responsible for 100 pounds of marijuana in calculating his base offense level.
 
 IV
 
 25
 Todd also argues that his trial contains cumulative errors which warrant reversal of his conviction. Todd's argument is meritless.
 
 
 26
 Todd claims his counsel was ineffective; he asserts that the sentencing judge noted the impropriety of defense counsel not putting the terms of the plea agreement on the record. To succeed on this claim, Todd must show both that his attorney's performance was seriously deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 686 (1984); United States v. Daniel, 3 F.3d 775, 779 (4th Cir.1993). We previously found there was no plea provision regarding not prosecuting his son Brett to place on the record. Therefore, there could be no deficient attorney performance to prejudice Todd. Todd also claims his attorney erred in having him plead guilty where the government set up the drug deal, raising serious entrapment issues, and his alleged co-conspirators were in fact government agents with whom he could not legally conspire. United States v. Barger, 931 F.2d 359 (6th Cir 1991). This claim lacks merit because Todd ignores that he was convicted of a conspiracy with his sons and others who were not government agents. See United States v. Chase, 372 F.2d 453 (4th Cir 1967). His conspiracy conviction is well-founded. Based on the record, Todd has not established grounds to warrant reversal of his conviction.
 
 V
 
 27
 For the foregoing reasons, the judgment of the district court is
 
 
 28
 AFFIRMED.